UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VANESSA BRUMFIELD | CIVIL ACTION |
| | NO. 2:15-06212 |
| VERSUS | |
| | SECTION "E" |
| ARCHDIOCESE OF LOUISIANA | |
| | MAGISTRATE 2 |
| | **JURY REQUESTED** |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes the named defendant, "Archdiocese of Louisiana" a non-entity, which in answer to the complaint of plaintiff, avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is prescribed and/or barred by the applicable statute of limitations and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust appropriate administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that at no time was any employment decision based on plaintiff's race or gender, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended (hereinafter "Title VII"), and defendant denies all allegations of discrimination in violation of Title VII made by plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendant avers that it has satisfied all obligations which it may have owed to plaintiff under the law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

The named defendant, a non-entity, specifically reserves and pleads the defense of insufficiency of process, and insufficiency of service of process, lack of personal jurisdiction, and improper venue pursuant to Fed.R.Civ.P. 12(b).

## EIGHTH AFFIRMATIVE DEFENSE

In addition to plaintiff's not being offered employment for non-discriminatory reasons, had plaintiff's employment been continued or had plaintiff been offered and plaintiff accepted further employment, plaintiff's employment would have been terminated for a violation of policy based upon after-acquired evidence.

And now, in specific answer to the allegations of plaintiff's complaint, defendant avers as follows:

I.

The allegations of plaintiff's complaint under the heading Jurisdiction and Venue, paragraph 1, are allegations of jurisdiction and venue that are denied.

II.

In response to the allegations of plaintiff's complaint under the heading of Parties, paragraph 2, it is admitted that plaintiff is an African-American female but paragraph 2 is otherwise denied as to the named defendant, non-entity, Archdiocese of Louisiana.

III.

The allegations of plaintiff's complaint under the heading of Introduction are answered as follows:

3.

The allegations of paragraph 3 of plaintiff's complaint are denied as written, except to admit that plaintiff was employed at Holy Rosary High School in New Orleans, Louisiana, as a school bus driver with a Louisiana CDL license from September 8, 2014 through May 31, 2015, and was advised at the end of the 2014-2015 school year by Sr. Paulette Tiefenbrunn ("Sr. Paulette"), Principal, that her services would no longer be needed due to financial reasons.

4.

The allegations of paragraph 4 of plaintiff's complaint are denied.

5.

The allegations of paragraph 5 of plaintiff's complaint are denied as written, except to admit that a conversation between plaintiff and Sr. Paulette was had on May 21, 2015, regarding possible job descriptions which had not yet been developed.

6.

The allegations of paragraph 6 of plaintiff's complaint are denied as written except to admit that when discussing possible job descriptions with plaintiff, Sr. Paulette mentioned examples of things which she as Principal did during the day for which she needed assistance, such as cleaning toilets and vomit, opening gates, cleaning bathrooms, and resetting circuit breakers.

7.

The allegations of paragraph 7 of plaintiff's complaint are denied.

8.

The allegations of paragraph 8 of plaintiff's complaint are denied except to admit that Carmen Winters, a white female, has been employed at Holy Rosary for more than ten (10) years as a full-time custodian, and on information and belief, does not have a CDL.

9.

The allegations of paragraph 9 of plaintiff's complaint are denied as written, except to admit that Carmen Winters remains employed at Holy Rosary as a full-time custodian working at nights and on week-ends.

10.

The allegations of paragraph 10 of plaintiff's complaint are denied as written and are further denied to the extent that said allegations infer and/or suggest that Carmen Winters was ever considered for a combined bus driver/janitor position or any part-time janitor position, or that any such position had been developed and/or decided upon at the time of plaintiff's termination.

11.

The allegations of paragraph 11 of plaintiff's complaint are denied as written, except to admit

that Clarence Coleman, an African-American male, was employed at Holy Rosary High School as a bus-driver and part-time custodian.

12.

The allegations of paragraph 12 of plaintiff's complaint are denied.

13.

The allegations of paragraph 13 of plaintiff's complaint are denied.

IV.

The allegations of plaintiff's complaint under the heading of Administrative Exhaustion are answered as follows:

14.

The allegations of paragraph 14 of plaintiff's complaint are denied and defendant pleads any such letter as the best evidence of its content.

V.

The allegations of plaintiff's complaint under the heading of Count 1 - Racial discrimination are answered as follows:

15.

The allegations of paragraph 15 of plaintiff's complaint are denied.

VI.

The allegations of plaintiff's complaint under the heading of Count 2 - Gender discrimination are answered as follows:

16.

The allegations of paragraph 16 of plaintiff's complaint are denied.

VII.

The allegations of plaintiff's complaint under the heading of Relief sought are answered as follows:

17.

Defendant denies that plaintiff is entitled to any relief sought as alleged in paragraph 17 of plaintiff's complaint.

WHEREFORE, the named defendant, Archdiocese of Louisiana, a non-entity, prays that this answer be deemed good and sufficient and that after due proceedings are had, there be judgment in its favor and against the plaintiff, dismissing plaintiff's demand at plaintiff's costs, and for all other general and equitable relief.

Respectfully submitted,

**DENECHAUD AND DENECHAUD, L.L.C.**

/s/ Richard A. Bordelon
RICHARD A. BORDELON T.A . (#14091)
RALPH J. AUCOIN (#2606)
1010 Common Street, Suite 3010
New Orleans, Louisiana 70112
Telephone: (504) 522-4756
Facsimile:  (504) 568-0783
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that notice will thereby be electronically served on counsel for plaintiff, J. Courtney Wilson via electronic mail to cwilson@courtlaw.net.

**/s/ Richard A. Bordelon**
Richard A. Bordelon
Ralph J. Aucoin