## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANESSA BRUMFIELD** | **CIVIL ACTION** |
| **VERSUS** | **NO.    2:15-6212** |
| **ARCHDIOCESE OF LOUISIANA** | **SECTION "E"** |
| | **MAGISTRATE 2** |
| | **JURY REQUESTED** |

### ANSWER

NOW INTO COURT, through undersigned counsel, comes the defendant, The Roman Catholic Church of the Archdiocese of New Orleans, erroneously referred to as "Archdiocese of New Orleans," which in answer to the First Amended Complaint of plaintiff, avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is prescribed and/or barred by the applicable statute of limitations and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust appropriate administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Defendant avers that at no time was any employment decision based on plaintiff's race or gender, in violation of Title VII, and defendant denies all allegations of discrimination in violation of Title VII made by plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Defendant avers that it has satisfied all obligations which it may have owed to plaintiff under the law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

And now, in specific answer to the allegations of plaintiff's First Amended Complaint, defendant avers as follows:

### I.

The allegations of plaintiff's First Amended Complaint under the heading Jurisdiction and Venue, paragraph 1, are allegations of jurisdiction and venue to which no response is required but out of an abundance of caution are denied.

### II.

In response to the allegations of plaintiff's First Amended Complaint under the heading of Parties, paragraph 2, it is admitted that plaintiff is an African-American female and that defendant is The Roman Catholic Church of the Archdiocese of New Orleans, which employs more than 50 and operates Holy Rosary High School in New Orleans, Louisiana.

III.

The allegations of plaintiff's First Amended Complaint under the heading of Introduction are answered as follows:

3.

The allegations of paragraph 3 of plaintiff's First Amended Complaint are denied as written, except to admit that plaintiff was employed at Holy Rosary High School in New Orleans, Louisiana, as a school bus driver with a Louisiana CDL license from September 8, 2014 through May 31, 2015, and was advised at the end of the 2014-2015 school year by Sr. Paulette Tiefenbrunn ("Sr. Paulette"), Principal, that her services would no longer be needed due to financial reasons.

4.

The allegations of paragraph 4 of plaintiff's First Amended Complaint are denied.

5.

The allegations of paragraph 5 of plaintiff's First Amended Complaint are denied as written, except to admit that a conversation between plaintiff and Sr. Paulette was had on May 21, 2015, regarding possible job descriptions which had not yet been developed.

6.

The allegations of paragraph 6 of plaintiff's First Amended Complaint are denied as written except to admit that when discussing possible job descriptions with plaintiff, Sr. Paulette mentioned examples of things which she as Principal did during the day for which she needed assistance, such as cleaning toilets and vomit, opening gates, cleaning bathrooms, and resetting circuit breakers.

7.

The allegations of paragraph 7 of plaintiff's First Amended Complaint are denied.

8.

The allegations of paragraph 8 of plaintiff's First Amended Complaint are denied except to admit that Carmen Winters, a Caucasian female, has been employed at Holy Rosary for more than ten years as a full-time custodian, and on information and belief, does not have a CDL.

9.

The allegations of paragraph 9 of plaintiff's First Amended Complaint are denied as written, except to admit that Carmen Winters remains employed at Holy Rosary as a full-time custodian working at night and on weekends.

10.

The allegations of paragraph 10 of plaintiff's First Amended Complaint are denied as written and are further denied to the extent that said allegations infer and/or suggest that Carmen Winters was ever considered for a combined bus driver/janitor position or any part-time janitor position, or that any such position had been developed and/or decided upon at the time of plaintiff's termination.

11.

The allegations of paragraph 11 of plaintiff's First Amended Complaint are denied as written, except to admit that Clarence Coleman, an African-American male, was employed at Holy Rosary High School as a bus-driver and part-time custodian.

12.

The allegations of paragraph 12 of plaintiff's First Amended Complaint are denied.

13.

The allegations of paragraph 13 of plaintiff's First Amended Complaint are denied.

IV.

The allegations of plaintiff's First Amended Complaint under the heading of Administrative Exhaustion are answered as follows:

14.

The allegations of paragraph 14 of plaintiff's First Amended Complaint are denied, and defendant pleads any such letter as the best evidence of its content.

V.

The allegations of plaintiff's First Amended Complaint under the heading of Count 1 - Racial discrimination are answered as follows:

15.

The allegations of paragraph 15 of plaintiff's First Amended Complaint are denied.

VI.

The allegations of plaintiff's First Amended Complaint under the heading of Count 2 - Gender discrimination are answered as follows:

16.

The allegations of paragraph 16 of plaintiff's First Amended Complaint are denied.

VII.

The allegations of plaintiff's First Amended Complaint under the heading of Relief sought are answered as follows:

17.

Defendant denies that plaintiff is entitled to any relief sought as alleged in paragraph 17 of plaintiff's First Amended Complaint.

VIII..

Defendant desires and is entitled to a trial by jury on all applicable issues herein.

WHEREFORE, the defendant, The Roman Catholic Church of the Archdiocese of New Orleans, prays that this answer be deemed good and sufficient and that after due proceedings are had, there be a trial by jury and judgment in its favor and against the plaintiff, dismissing plaintiff's demand at plaintiff's costs, and for all other general and equitable relief.

Respectfully submitted,

**DENECHAUD AND DENECHAUD, L.L.C.**

    /s/ Richard A. Bordelon
RICHARD A. BORDELON T.A . (#14091)
RALPH J. AUCOIN (#2606)
1010 Common Street, Suite 3010
New Orleans, Louisiana 70112
Telephone: (504) 522-4756
Facsimile:   (504) 568-0783
Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that notice will thereby be electronically served on counsel for plaintiff, J. Courtney Wilson via electronic mail to cwilson@courtlaw.net.

**/s/ Richard A. Bordelon**
Richard A. Bordelon
Ralph J. Aucoin